HENRY DUFFY, plaintiff in error, *v.* THE PEOPLE, defendants in error.

Though a confession made by a prisoner under promise of favor cannot, as a general rule, be given in evidence against him, yet if it lead to the discovery of a material fact, so much of the confession may be proved as relates strictly to the fact discovered.

Where a prisoner, charged with stealing a watch, induced by a promise to get him out of difficulty, told the officer in whose custody he was that the watch was at the pawn office, and the officer went to the pawn office and found the watch, which was identified on the trial by the owner, it was held that the confession made to the officer was properly admitted in evidence.

Where a case depends entirely on the positive testimony of witnesses for the prosecution, and not on the effect which the jury may give to circumstantial evidence, it is not erroneous for the court to charge the jury that, if they believe the witnesses for the prosecution, it will be their duty to render a verdict of guilty.

Duffy *v.* The People.

THIS case came up on a writ of error to the New York General Sessions, where the prisoner was convicted of larceny.

The questions arising on the trial are sufficiently set forth in the points made by counsel, and in the opinion of the court.

*S. H. Stuart,* for the prisoner.

I. The court erred in admitting officer Clark's evidence of the finding of the (stolen) watch, in consequence of what the prisoner had said to him about it, after arrest, under promise of favor.

II. The court erred in charging the jury as follows, viz.: "If you believe the witnesses for the prosecution, it will be your duty to render a verdict either of robbery, or of larceny from the person, or of grand or petit larceny, and it will be for you to say which."

Verdicts in each of the following cases were reversed by this court, for error in the charges, which were as follows, viz.: "If you believe the witness, the case is within one of the degrees of manslaughter, and it is for you to say which." (*People* v. *Pfomer,* 4 *Park. Cr. R.,* 558.) "The first two witnesses testify to a state of facts which, if true, establishes a larceny by the prisoner, and renders it incumbent on the jury to convict." (*The People* v. *Brien,* 4 *Park. Cr. R.,* 380; *United States* v. *Fenwick,* 5 *Cranch,* 562, *and authorities there cited.*)

*Nelson J. Waterbury* (District Attorney), for the People.

I. Evidence of *what was done* in consequence of the prisoner's statement about the watch, was properly admitted. (*Roscoe's Cr. Ev.,* 50; 1 *Phil. Ev.,* 4th *Am. ed.,* 554; 2 *Russ. on Cr.,* 863; *Rex* v. *Griffin, Russ. & Ryan,* 151.)

It has been doubted whether confessions, otherwise inadmissible, may be given in evidence when accompanied by the delivery of property; but the admissibility of the acts done is submitted as an elementary principle. (*Rex* v. *Warrickshall,* 1 *Leach,* 263.)

In *Regina* v. *Gould* (9 *Car. & Payne,* 364), where the question

was the same as that asked in this case, the court, TINDAL and PARKE, JJ., admitted both the acts done and the declaration.

Both were also admitted, after full discussion, in *Commonwealth* v. *Knapp* (9 *Pick. R.*, 495, 911).

It is submitted that, as to the admissibility in evidence of the acts simply, there can be no doubt.

II. The charge of the court was altogether unobjectionable.

1. It was equivalent merely to saying that the prosecution had proved enough to "go to the jury."

2. The facts admitted of no construction or diversity of interpretation; they amount in law to the crime charged, and the court was bound so to charge.

*By the Court,* CLERKE, J. I. As to the objection that the court erred in admitting the evidence of the policeman (Clark) relative to the stolen watch, which he found in consequence of what the prisoner had said to him after arrest, and under promise of favor, it is, indeed, the unquestionable rule, that confessions obtained under promises of favor are inadmissible. And in the case of *Richard Harvey*, Lord ELDON, when Chief Justice (2 *East P. C.*, 658), said he would direct an acquittal, unless the fact itself proved would have been sufficient to warrant a conviction without any confession leading to it, and, in conformity with this, he directed the jury to acquit the prisoner. But later authorities have established the rule, that so much of the confession as relates strictly to the fact discovered by it, may be given in evidence. For, the reason of rejecting extorted confessions is the apprehension that the prisoner may have been induced, by the promise of clemency, to say what is false; but the fact discovered shows that so much of the confession as immediately relates to it is true. (*Rex* v. *Batcher*, 1 *Leach*, 265; *note to Rex* v. *Warrickshall*, 1 *Id.*, 263.)

In the case before us, the prisoner told the policeman (the witness) where the watch was, under promise that the latter would get him out of the difficulty; this must have been so, as, in consequence of what he said, the witness went to the

pawn office and got the watch, and the watch was identified at the trial by the owner, as the one taken from him. I take no account of the fact that the witness did not testify, in express terms, that the prisoner told him where the watch was; the confession is plainly inferable, for, as we have seen, he went to the pawn office in consequence of what the prisoner had said about the watch.

But if this made any difference, and if the confession was expressly testified to, it would have been admissible under the rule now established; for it would have related strictly to the fact discovered. The objection is, therefore, untenable.

II. It is objected that the court erred in charging the jury, that if they believed the witnesses for the prosecution, it would be their duty to render a verdict either of robbery or of larceny from the person, or of grand or petit larceny. The case of *The People* v. *Pfomer* (4 *Park. Cr. R.*, 558) is quoted to sustain this objection. But this, and the other cases to which reference is made, involved circumstantial as well as positive evidence; it, therefore, clearly rested with the jury in those cases to construe the circumstances; and the verdict did not depend exclusively upon the veracity of the witnesses, but also upon the effect which the jury would give to these circumstances. In the case under consideration, the proof was altogether positive; circumstantial proof was nowhere adduced, and the result depended exclusively upon the veracity of the witnesses. The charge was, therefore, correct.

The judgment should be affirmed.

Judgment affirmed.