THE PEOPLE, Plaintiffs in Error, v. CHARLES PHILLIPS, Defendant in Error.

The people, on the trial of the defendant in error for grand larceny, were allowed to prove, against his objection, confessions made while the defendant was under arrest, under the inducement of a statement to him that "the best he could do was to own up," and it "would be better for him." The jury were also instructed that they were to take into consideration these confessions, as well as the other facts of the case.

The defendant was convicted, and, on error to the General Term, the judgment of conviction was reversed and the defendant discharged.

On error to this court—*Held*, that the conviction was properly reversed; but, as a small portion only of the defendant's term of sentence had expired, and it did not appear that a conviction would not be had upon a new trial, it was error to discharge absolutely; and a new trial was ordered.

(Submitted January, 1870; decided March, 1870.)

WRIT of error to the General Term of the Supreme Court in the fourth judicial district. The defendant in error was indicted in the Court of Oyer and Terminer, held in the county of Saratoga, for the crime of grand larceny, in stealing a horse, the property of Dudley Welch. The indictment was sent to the Court of Sessions of that county, and on the 17th day of February, 1869, the defendant was tried, convicted and sentenced to State prison for the term of one year. Exceptions were taken by him to the admission of and refusal to strike out evidence, and to the charge of the court. A writ of error was sued out in the Supreme Court, directed to the Court of Sessions, and return thereto was made; and the General Term in the fourth judicial district reversed the judgment of the Court of Sessions and discharged the prisoner, which discharge was absolute. To reverse that judgment this writ is brought.

*Winsor B. French* (district attorney), for the plaintiff in error, as to the evidence of confessions, cited 2 Russell on Crimes, 826; 7 Carr & Payne, 345; *People* v. *Smith* (3 How. Pr., 227), and cases cited; *Done* v. *The People* (5 Park., 364); *Duffy* v. *Same* (5 Park., 321, 323); S. C. (26 N. Y.,

588); 1 Greenleaf Ev., 284, note; *People* v. *McMahon* (15 N. Y., 386; 37 N. Y., 134). As to the discharge he cited *Shepherd* v. *The People* (25 N. Y., 416); *Hartung* v. *The People* (26 id., 179, 186–7); *Manuel* v. *People* (48 Barb., 548); *Hussy* v. *People* (47 id., 504); *Ratzky* v. *People* (29 N. Y., 132); *People* v. *Ferris* (32 How., 411); *People* v. *Bennett* (37 N. Y., 117).

*J. W. Hill*, for the defendant in error, on the first point cited *People* v. *McMahon* (15 N. Y., 384); *People* v. *Wentz* (37 id., 304); Cowen & Hill's Notes (Phil. Ev., note 206, p. 235). As to the discharge he cited *People* v. *Barrett* (2 Caines, 304); *Shepherd* v. *People* (25 N. Y., 417); *Hartung* v. *The People* (26 id., 167); *People* v. *Klock* (2 Park, 676).

FOSTER, J.    Several questions are raised, and it is contended for the plaintiff in error, that neither the writ issued to the Court of Sessions, nor the return thereto, are in the form required by statute ; and that both are defective.   I do not think it is necessary for me to set forth the form of the writ or the return.   It is perfectly clear that all the questions, arising in the Court of Sessions, were fully presented on the return which was made ; and that there is no substance in the objection.   This question was distinctly raised before the Supreme Court, and I fully concur in the opinion delivered there, that there is no form of such writ prescribed by statute, and no unvarying precedent.   A similar form was used in *The People* v. *Thomas* (3 Park. Cr. Rep., 256), and is cited as a proper one in Waterman's Notes to Archibald's Criminal Practice, vol. 1, 719, and in Colby's Criminal Law and Forms, 409.

There is, however,   one important question arising out of the proceedings in the Court of Sessions.   And that is, whether the confessions of the defendant were properly received and retained in evidence.   The prisoner was convicted mainly on his confessions, which were proved on the trial.   When the complainant was testifying to the conversa

tion with the prisoner, in which the confessions were made, the prisoner's counsel asked the court for permission to inquire of the witness, whether the prisoner was not then under the arrest, and whether he had not then said to the prisoner: " That he had better own up, for it would be better for him." The court denied the application, and the prisoner's counsel excepted, and the witness testified to the confession. It afterward appeared from the testimony of the witness, that he had, in the presence of the officer who made the arrest, and while he had him in custody, told the prisoner "that the best he could do was to own it up; that this would be better for him." And the officer, who also proved his confessions, previously told him substantially the same thing, and also, that " if he had taken the horse, it would be better for him to own up." And that he " thought the complainant would not be so hard on him if he could get his horse back." These confessions were proved by the officer, under the proper objection and exception on the part of the prisoner.

The prisoner's counsel afterward moved to strike out the testimony of the confessions made by him, on the ground that they were not voluntary; which was also denied, and to which his counsel excepted.

The cases cited by the counsel for the plaintiff in error, are not in conflict with the decision of the Supreme Court on this question. In *Done* v. *People* (5 Park. Crim. Rep., 364), there were no inducements held out, or suggestion of any kind made to the prisoner; and the only question was, whether answers, made by the accused while under arrest, to questions put to him, were admissible in evidence. In *Rex* v. *Thomas* (7 Carr. & Payne, 345), it appeared that the accused asked the witness if he had better confess, and the witness replied that he had better not confess. And in *Duffy* v. *The People* (5 Parker Cr. Rep., 321, and 26 N. Y., 588), the court refused the evidence of confessions made under promise of favor, and the question was, whether the acts of the officer, which he performed in consequence of what the prisoner told him, could be proved.

I think it would be a waste of words to pursue this subject further than to refer to the opinion of SELDEN, J., in *People* v. *McMahon* (15 N. Y., 385, 386 and 387), where the question is discussed. The rule is too well settled to admit of dispute, and I have no doubt that the language of the complainant, and of the officer, to the prisoner, and which led to his confessions, came clearly within the rule, and were inducements for the confessions, which relieve them from being voluntary ; and that they should have been excluded, or stricken out. It, of course, follows, that that part of the charge which allowed the jury to determine the question of guilt from the confessions of the prisoner, as well as from the other facts of the case, was also erroneous. The Supreme Court was therefore right in reversing the judgment of the Court of Sessions. The only doubt which I have in regard to the case is, whether the Supreme Court should not have ordered a new trial, instead of an absolute discharge. The judgment, which the Supreme Court is authorized to render, is prescribed by the statute (2 R. S., 741, § 24), which declares : "If the Supreme Court shall reverse the judgment rendered, it shall either direct a new trial, or that the defendant be absolutely discharged, *according to the circumstances of the case.*"

I do not understand that this vests in the court an absolute discretion, but that they are authorized to decide between an absolute discharge and a new trial, as the case calls for. Doubtless, if the term of sentence had nearly expired;or if the case showed that, aside from the confessions, the prisoner could not be convicted, and that therefore a new trial would be useless; it would be the duty of the court to order the absolute discharge. But this section is not intended, I think, to vest in the court any pardoning power, or to determine that persons charged with crimes shall, or shall not, be brought to trial, when, for aught that appears, such trial would result in a conviction. In this case, less than one-third of the time for which he had been sentenced had expired, and there is nothing in the case from which we can infer that he was not guilty, or

that there would not have been an abundance of other evidence given to show his guilt, if these incompetent confessions had been ruled out.

I think we should affirm so much of the judgment of the Supreme Court as reversed the judgment of the Court of Sessions, and modify the residue by ordering a new trial.

HUNT, SMITH and INGALLS, JJ., and EARL, Ch. J., concur with FOSTER, for affirmance, as modified, by ordering a new trial.

SUTHERLAND, J., was for affirmance without modification.

LOTT, J., thought the absolute discharge was erroneous, and also that the return to the writ of error was defective, and was therefore for reversal, with direction to the Supreme Court to dismiss the writ of error.

Judgment affirmed with the modification ordering a new trial.