C. H. DIAMOND & Co., Respondent, *v.* MARCELLUS HARTLEY, Appellant.

*Real estate broker's commissions — when not earned.*

An owner of premises who had evinced no desire to dispose of them, upon being approached by an employee of a real estate broker on behalf of parties desiring to purchase property in that locality, said that if the proposed purchasers wanted the property they might have it for $82,000, and caused his attorney,

after negotiations, to draw a contract for the sale of such property, which contract was submitted to the proposed purchasers and their attorney, who pronounced it satisfactory.

The proposed purchasers then asked that a clause be inserted giving them an option of allowing part of the purchase price to remain on mortgage. At this point the attorney for the proposed purchasers discovering that the property instead of being twenty-five feet front as described by the broker and in the contract, was, in fact, only twenty-four feet and seven and one-half inches, the proposed purchasers demanded a proportionate reduction on account of the shortage, which demand was refused.

Further negotiations between the owner and the proposed purchasers resulted in a refusal of the latter to take the property at the price named, and the refusal of the former to take less.

In an action brought by the real estate broker to recover commissions from the owner of the premises,

*Held,* that the fact of the mistake in the dimensions of the lot, in the absence of any misrepresentations on the part of the owner, did not affect the contract between the owner and the real estate broker, which was that the latter should bring the minds of the buyer and seller to an agreement for a sale, and as to the price and terms on which it was to be made;

That, there being no evidence that the defendant was not ready at all times to comply with his agreement to take $82,000 for the premises which he owned, or that the proposed purchasers were ready, able and willing to pay him that amount, under the terms and conditions which he imposed, it could not be said that the efforts of the plaintiff were rendered futile by the fault of the defendant; and that the plaintiff, having failed to produce a party able and willing to take the property upon the terms prescribed, had not earned the commission which he sought to recover.

APPEAL by the defendant, Marcellus Hartley, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of May, 1898, upon the verdict of a jury, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 26th day of May, 1898, as amended by an order entered in said clerk's office on the 6th day of June, 1898, denying the defendant's motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the second department.

*Paul D. Cravath,* for the appellant.

*William C. Breed* [*Henry H. Abbott* with him on the brief], for the respondent.

WOODWARD, J.:

The plaintiff in this action is a broker, engaged in real estate transactions. One Cutner, an employee of the plaintiff, knowing that Messrs. Stern & Co. were desirous of purchasing a building in a certain location in New York, went to the defendant and asked if his house was for sale, and, if so, at what price. The defendant replied in substance that, while the property was not for sale, he would consider an offer. Subsequently he offered to accept $82,000 for the house, provided the transaction was closed on that day, November 12, 1896. While there was an understanding that the contract should be closed on that day, the purchaser did not appear. The negotiation was afterward resumed, and on the sixteenth day of November Mr. Cutner, accompanied by Messrs. Stern, Marks and their counsel, Mr. Amend, met in the office of the defendant, who had, in the meantime, caused a contract to be drawn up for the sale of the property. Mr. Hartley, the defendant, was present but a short time, leaving the matter to be arranged by his assistant, Mr. Dally. The proposed contract was submitted to Messrs. Stern and Marks, who handed the same over to their lawyer, who pronounced it satisfactory. Then Mr. Stern asked that a clause be inserted whereby the purchaser should have the option of allowing $45,000 of the purchase price to remain on mortgage for one year at five per cent. It was in evidence that Mr. Dally consented to the insertion of this clause, though it was disputed by him, and he also swore that he had no authority from Mr. Hartley to vary the terms of sale as set forth in the contract, and this was not further disputed. At this point the attorney for the proposed purchasers discovered in the abstract of title that the property, instead of being twenty-five feet front, as described by the broker and by the description contained in the contract, was in fact only twenty-four feet seven and one-half inches wide. It is not pretended that there was any fraud involved; the deed to the defendant described the property as having a frontage of twenty-five feet, and the maps of the city also showed the same frontage. Upon the discovery of this defect in the title, Mr. Dally took the contract and said he would have it altered so that it should describe the property as twenty-four feet seven and one-half inches wide. Mr. Marks said that the pur-

chasers should have a proportionate reduction on account of the shortage of four and one-half inches. Mr. Dally refused to make any reduction in the price, and after arranging for another meeting about one week later, the meeting broke up. On the afternoon of that day a bill was sent to Mr. Hartley demanding $820 commission on the sale. Some further negotiations occurred between Messrs. Stern and Marks and the defendant, resulting in a refusal of Messrs. Stern and Marks to take the property at $82,000, and the refusal of the defendant to take less.

At the trial the defendant moved, at the close of the plaintiff's case, for a dismissal of the complaint. This motion was denied and an exception taken. At the close of the entire case the defendant moved for a verdict by direction; this motion was also denied, and an exception taken.

The plaintiff, to be entitled to recover in this action, was called upon to show that it had brought to the defendant a party who was able and willing to take the property at the defendant's terms. The defendant was the owner of a piece of property known as No. 17 West Thirtieth street, and this property was described in the deed to the defendant as having a frontage of twenty-five feet on West Thirtieth street. He was not seeking to sell this property; he made no representations for the purpose of inducing a sale so far as appears from the record, and no suggestion of the kind is made. He simply said that if the proposed purchasers wanted the particular piece of property of which he was possessed, they might have it for $82,000, and he caused his attorney, after negotiations, to draw a contract for the sale of such property. He gave no one any authority to change the terms of the proposed contract, nor did he undertake to sell anything more than the premises on West Thirtieth street, "being the premises now known as No. 17 West 30th street." The question of whether these premises were correctly described, in the absence of any fraudulent representations, has no bearing upon the question presented in this case. The plaintiff, under an implied contract, undertook to sell the property of the defendant, for which it was to receive a commission, and "the fundamental and correct doctrine is, that the duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to

commissions does not accrue." (*Sibbald* v. *The Bethlehem Iron Co.*, 83 N. Y. 378, 382, citing authorities.) "This, however," continue the court, "must be taken with one important and necessary limitation. If the efforts of the broker are rendered a failure by the fault of the employer; if capriciously he changes his mind after the purchaser, ready and willing, and consenting to the prescribed terms, is produced, or if the latter declines to complete the contract because of some defect of title in the ownership of the seller, some unremoved incumbrance, some defect which is the fault of the latter, then the broker does not lose his commissions." There is no evidence in this case that the defendant has not been ready at all times to comply with his agreement to take $82,000 for the premises which he owned, or that the proposed purchasers were ready, able and willing to pay him the amount under the terms and conditions which he imposed, which terms were neither capricious nor unreasonable. The question is presented in exactly the same light as though the property was correctly described, for it consists of all the premises known as No. 17 West Thirtieth street, and the mere fact that some one has made a mistake of four and one-half inches in the dimensions of the lot does not affect the contract between the parties to this action, which was that the plaintiff should " bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made," and this it has failed to do through no fault of the employer. If the proposed purchasers and the defendant had entered into a contract; if they had come to an agreement as to price and terms for this particular piece of property, and then the proposed purchasers refused to carry out their part of the contract because of any defect in the title of the premises, the plaintiff would be entitled to recover because it would have carried out its part of the contract. (*Gilder* v. *Davis*, 137 N. Y. 504.) But no such state of facts is shown. On the contrary, there is an entire absence of evidence of the parties to the transaction ever reaching an agreement which in any manner bound them. As was said in the case of *Platt* v. *Kohler* (65 Hun, 557, 559): "The plaintiff's right to payment depended upon his procuring a person ready and willing to contract in such a way as to be legally bound to perform. His service was incomplete until that was done. Nothing was accomplished of any benefit to the defendant, who could not compel

Second Department, February Term, 1899.          [Vol. 38.

Morgenthaler to perform, nor recover damages for non-performance, and nothing of subsequent occurrence changed the relations between the parties." Again, the court say : " But where the principal stands ready to perform, to enter into a contract on conditions he has authorized, and the party produced by the broker refuses to conform thereto by entering into a binding obligation, the broker has failed to effect the purpose of his employment; he has not found a person ready and willing to take on the agreed terms, and his principal is not liable for commissions." This case is cited with approval in the case of *Feiner* v. *Kobre* (13 Misc. Rep. 499), where the facts are in many respects analogous to those of the case at bar, and in *Bennett.* v. *Egan* (3 Misc. Rep. 421), where the parties had entered into a written agreement to sell and to purchase, and had. paid fifty dollars to bind the bargain, but the court held that the plaintiff was not entitled to commission because the contract between the parties was not one which bound the vendee. (See *Kalley* v. *Baker*, 132 N. Y. 1 ; *Gilder* v. *Davis*, 137 id. 504 ; *Curtiss* v. *Mott*, 90 Hun, 439.)

The law of this case seems to be well settled ; the plaintiff must be able to establish that it has produced a party able and willing to take the property offered by the defendant at the defendant's own terms ; and to do this it must show that the parties to the transaction have reached an enforcible agreement as between themselves. The defendant authorized.the plaintiff to sell a certain piece of property at a given price. The plaintiff has failed to produce a party who is willing and able to take this property upon the terms prescribed by the defendant, and it has not earned the commission which it seeks to recover.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.