(55 Misc. Rep. 543)

### BURR v. PENFIELD.

#### (City Court of New York, Special Term. April, 1907.)

BROKERS—ACTION FOR COMPENSATION—ANSWER.

> A complaint alleged that defendant agreed in writing to pay plaintiff $300 if plaintiff would obtain a loan of $3,000, and that plaintiff had fully performed. The answer alleged that defendant informed plaintiff that defendant must have the money within 10 days, but that, when defendant called on the parties who were to make the loan, he could not obtain the money, and that the same thing occurred several times, and that the negotiations extended over much more than 10 days. *Held*, that the answer was demurrable as not showing a modification of the written contract, and in that it did not appear when the time limit began to run and when it terminated.

Action by Steven H. Burr against William W. Penfield. Demurrer to the complaint sustained.

Paul Jones, for plaintiff.

William W. Penfield, for defendant.

WADHAMS, J.   The complaint alleges that on or about December 6, 1906, defendant entered into an agreement in writing with plaintiff, whereby plaintiff at defendant's request, undertook and agreed to obtain a loan for him of $3,000, and for his services therein defendant undertook and agreed to pay the plaintiff the sum of $300; that plaintiff has performed all the terms and conditions of said agreement on his part, but defendant has wholly failed and refused; that there is now due to plaintiff from defendant $300, no part of which has been paid, although duly demanded.   The answer to this complaint contains a separate defense, to which the plaintiff demurs "on the ground that said defense and counterclaim consists of new matter and is insufficient in law upon the face thereof, also upon the ground that said defense and counterclaim does not state facts sufficiently to constitute a cause of action."   A separate defense must necessarily consist of new matter.   The demurrer, however, presents the objections that it is insufficient in law upon the face thereof authorized by section 494, Code Civ. Proc., and that the counterclaim does not state facts sufficient to constitute a cause of action authorized by subdivision 5 of section 495.   The allegations to which plaintiff demurs are:

"For a separate and distinct defense he (defendant) alleges that at the time when he applied to the plaintiff for the said loan he had in contemplation the purchase of certain real estate which he had an opportunity to buy at much less than its real value, and he informed the plaintiff that he must have the money within 10 days to carry through the purchase, otherwise it would be too late, and he would not accept it at that time.   That the plaintiff notified the defendant that he had obtained the loan and referred him to the parties who were to make it, but, when the defendant called upon them, they refused to make it and said they had not agreed to make the loan in the manner alleged by the plaintiff, and the same thing occurred several times afterwards, and the said loan was never obtained by the plaintiff nor received by the defendant, and the various negotiations extended over a very much longer time than 10 days.   That the defendant, relying entirely upon the said statements of the plaintiff and believing them to be true, obtained several extensions of time to complete his said purchase until further time was refused, and he lost the opportunity to purchase the said real estate, to his damage to the extent of $2,000, which damage was caused by the plaintiff by his false statements and his acts as above stated."

The defendant has not alleged that the pleading is a counterclaim, and, although he alleges damage and demands judgment in his favor for the sum alleged, the pleading begins "for a separate and distinct defense."   But whether the allegations be considered as a separate defense or a counterclaim the demurrer must be sustained.   The defendant, by proper allegations, may in a proper case plead that the contract is other than that alleged by the complaint; that, for example, the plaintiff undertook to procure the loan within a time certain and failed to do so.   And it may be that by proper allegations a breach by plaintiff of the agreement alleged by a defendant and the facts constituting damage resulting therefrom might be set up by way of counterclaim in an action based upon a contract to procure a loan. The pleadings in this case do not contain the allegations necessary to present such issues.   Upon demurrer the allegations contained in the separate defense must be considered alone.

The complaint alleges that the agreement was in writing.   There is

no allegation in the separate defense showing a modification of that written instrument. The mere statement that defendant "informed the plaintiff" is clearly insufficient to modify the written agreement by imposing a condition as to the time during which plaintiff was required to secure the loan. "Where no time for the continuance of the contract is fixed by its terms either party is at liberty to terminate it at will, subject only to the ordinary requirements of good faith. Usually the broker is entitled to a fair and reasonable opportunity to perform his obligation. * * * Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 384, 38 Am. Rep. 441. Moreover, it nowhere appears when the time limit began to run or when it terminated, and the defendant appears to have himself taken part in "various negotiations which extended over a very much longer time than 10 days." Even assuming the modification to have been properly pleaded, there is no allegation of fact showing a breach or failure to perform by the plaintiff. The broker is to bring the minds of the buyer and seller to an agreement for a sale. He must bring to the defendant a party who was able and willing to take the property upon the terms authorized by the defendant, and the defendant and such third party must have reached an enforceable agreement as between themselves. Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441; Diamond & Co. v. Hartley, 38 App. Div. 87, 55 N. Y. Supp. 994; Platt v. Kohler, 65 Hun, 557, 20 N. Y. Supp. 547; Vanderveer v. Suydam, 83 Hun, 116, 31 N. Y. Supp. 392, affirmed 151 N. Y. 673, 46 N. E. 1152. All the allegations set up by the defendant in the separate answer may be admitted, and the performance by plaintiff as required to entitle him to recover is not controverted.

In reference to the additional paragraph alleging damage to defendant, no facts are pleaded from which damage may properly be inferred. The statements of the plaintiff upon which defendant relied are not specified, and it does not appear that defendant was under any obligations to purchase land, or that he would have been able to consummate the bargain he had in mind had he not relied upon the plaintiff or that any act of plaintiff caused him damage.

Demurrer sustained, with leave to plead over within six days upon payment of costs.