## FRENCH *v.* BRUSH-SWAN ELECTRIC LIGHT CO.

*(Supreme Court, General Term, First Department. June 26, 1891.)*

1. FACTORS AND BROKERS—OBTAINING PURCHASER—COMMISSIONS.

    Plaintiff undertook to sell certain territorial rights to the manufacture and sale of defendant's patented electric illuminating apparatus, and procured a purchaser thereof, on condition that the apparatus, after a test, should be found to come up to representations. The battery employed at the test was found inadequate, and the purchaser refused to complete the purchase. *Held,* that plaintiff was not entitled to commissions on the ground that he had procured a person ready, willing, and able to purchase, such person having proposed to purchase on condition only, which condition was not fulfilled.

2. SAME—DEFECTIVE SUBJECT OF SALE.

    In such case it was immaterial, with respect to defendant's liability for commissions, that the battery was found deficient, there being no guaranty in the contract of employment between plaintiff and defendant that the battery was adequate to the purposes of the apparatus.

Appeal from circuit court, New York county.

Action by Lyman P. French against the Brush-Swan Electric Light Company. From a judgment for defendant, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*W. S. MacFarlane,* for appellant. *Evarts, Choate & Beaman,* (*William G. Wilson,* of counsel,) for respondent.

VAN BRUNT, P. J. It may not be at all necessary to add anything to the opinion of the court below; but, in view of the argument made by the counsel for the appellant, it may be proper to emphasize one or two points adverted to in said opinion. It is claimed that the plaintiff, having been employed by the defendant to effect a sale of the rights mentioned in the complaint, and having produced to his principal a customer who was at all times able, ready, and willing to purchase for the price and upon the terms fixed by and satisfactory to the principal, is entitled to recover his commission. If this proposition were borne out by the facts established by the evidence, undoubtedly the plaintiff might recover. But, upon an examination of the case, it will be seen that there is one important element assumed in this proposition which is not established by the evidence. The defendant was the owner of certain electric light processes or appliances, the exclusive right to use which it was desirous of selling, and it addressed a letter to the plaintiff, by which he was authorized to sell the exclusive right to use these appliances in a certain territory for the sum of $150,000. It appeared that, subsequent to this time, the plaintiff procured certain parties to enter into a conditional contract, whereby the parties produced should have the option to purchase these rights for $150,000, after it had been clearly demonstrated by actual experiment that the process would do that which it was represented to do. The battery employed failing to come up to the representations was the sole cause of the non-completion of the sale, the parties produced by the plaintiff refusing to complete the purchase upon that ground. The contract of the defendant with the plaintiff was that he was to effect a sale of these rights; and, in order to entitle himself to compensation as for a fulfillment of the contract, he was bound to produce some person ready and willing and able to purchase. This the plaintiff has not done. All that he produced were parties willing to purchase conditionally, and, the condition not being fulfilled, they were not willing to purchase. In the employment of the plaintiff there was no guaranty as to the sufficiency of these appliances. He was simply to sell the right to use them. He did not sell, and it is immaterial what may be the cause. This right to compensation was not established till he effected a sale. The question as to the failure of the battery to work, which was the cause of the refusal of the parties to purchase, was entirely immaterial. In the contract of employment, as already stated, there was no guaranty by the defendant that the

battery would work. The circular to agents issued by the defendant, which contained a description of these machines, in no wise altered the question. It was a representation by the defendant, it is true, of what it claimed its machines would do; but a person accepting a commission to sell these machines was not guarantied by reason of this circular that the machines would do that which the circular represented. Consequently the failure of the proposed purchaser to take, because not satisfied with the machines, put an end to any claim for commissions which the producer of the proposed purchaser might attempt to establish. We think, therefore, that the judgment was correct, and should be affirmed, with costs. All concur.