### C. H. DIAMOND & CO. v. HARTLEY.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

BROKERS—COMMISSION FOR SALE OF REAL ESTATE—EVIDENCE.

Plaintiff sought to recover commission for a sale of real estate. Defendant had stated that he would not take less than $85,000 for his property, and that it was 25 feet wide. He was not at the time seeking to sell it, but plaintiff was seeking to purchase it from him. Plaintiff later found a purchaser for the premises at $85,000, who, on finding that they were in fact only 24 feet 7½ inches wide, refused to pay the price named. The property had been referred to by street number in the agreements concerning it. There was evidence that in the preliminary conversation defendant had not been understood to make an exact representation as to the dimensions of his lot. *Held*, plaintiff was not entitled to recover.

Appeal from trial term, New York county.

Action by C. H. Diamond & Co. against Marcellus Hartley. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William C. Breed, for appellant.

Paul D. Cravath, for respondent.

INGRAHAM, J. Upon the former trial of this case the plaintiff had a judgment, which was reversed on appeal by this court in the Second department (55 N. Y. Supp. 994); and it was there held that the plaintiff had failed to prove facts entitling him to a recovery, and that the complaint should have been dismissed. The conclusion to which the court arrived is stated in the opinion as follows:

"The law of this case seems to be well settled. The plaintiff must be able to establish that it has produced a party able and willing to take the property offered by the defendant at the defendant's own terms; and, to do this, it must show that the parties to the transaction have reached an enforceable agreement as between themselves. The defendant authorized the plaintiff to sell a certain piece of property at a given price. The plaintiff has failed to produce a party who is willing and able to take this property upon the terms prescribed by the defendant, and it has not earned the commission which it seeks to recover."

As that is the law of this case, which we accept without question, the only subject before us is whether the plaintiff has proved facts in addition to those proved upon the former trial which entitle him to a different result. A comparison of the statement of facts in the opinion upon the former appeal with the evidence upon this appeal fails to show any substantial difference in the case as now presented. The defendant was the owner of a piece of property (No. 17 West Thirtieth street), and an employé of the plaintiff went to the defendant and asked if his house was for sale, and, if so, at what price. The plaintiff's statement of the interview is as follows:

"I was ushered in to see Mr. Hartley, and I asked him if he desired to sell his property, No. 17 West 30th street. He said he would sell same at a price. I asked him if he would entertain an offer of $75,000. He said, 'No, sir,' he would not sell for anything less than $85,000. * * * I also asked him the size of his property. He said, 'It is 25 feet front.' The exact depth he did not know, but said I could refer to the city atlas."

It is not disputed that the plaintiff failed to procure a customer ready and willing to purchase the house No. 17 West Thirtieth street at the price named and upon the terms imposed by the defendant. He claims that he did procure a person who was ready and willing to purchase the premises, if they had been 25 feet wide, at the price that the defendant finally agreed to take. The premises, however, were not 25 feet wide, but 24 feet 7½ inches, and the purchaser produced by the plaintiff refused to purchase the property at the price named. The plaintiff's contention seems to be that because the defendant, in answer to the plaintiff's request as to the dimensions, stated that the same was 25 feet wide, the defendant became liable to pay him commissions when he produced a person who was willing to purchase if it had been 25 feet wide. It is difficult to see, however, upon what principle such a liability was imposed upon the defendant. He was not seeking to sell his property. The plaintiff was seeking to purchase it from him. He was asked if he would sell his property, No. 17 West Thirtieth street. He agreed to sell, naming a price. It was the particular property as it existed, upon which was a building, and the boundaries of which could be ascertained by inspection, that the defendant was asked if he would sell, and expressed his willingness to sell. His statement to the plaintiff that the property was of a certain width, in which he made a trifling mistake of a few inches in the dimensions, could not impose upon him a liability for commissions. He did not warrant the property to be of those dimensions. There was nothing to lead him to suppose when he made that statement—acting, as it is evident he was, in entire good faith, supposing himself to be entitled to 25 feet—that the plaintiff would accept his statement as an accurate measurement, and base an express contract to purchase upon such a description. What the plaintiff went to buy, and what the defendant authorized him to sell, was the house No. 17 West Thirtieth street, as it stood; and for that house, as it stood, these plaintiffs have never procured a purchaser willing to purchase upon the defendant's terms. There was here no suspicion of fraud or intended misrepresentation. The person, when asked to sell his property, upon inquiry as to its dimensions, gave the size of the plot called for by the deed conveying the property to him, without being informed that the statement was to be used for any particular purpose. It is quite clear that the plaintiff's representative did not consider that the defendant was making any exact representation as to the size of his lot; for, in the contract that he prepared for the defendant to execute, the property is described as "the lot of land, with the building thereon, situate in the city of New York, and known as No. 17 West 30th street, and more particularly bounded and described as follows," etc., and then, after describing the lot by metes and bounds, adding, "The said sizes

and dimensions being the same, more or less." It is sufficient, however, to say, without further discussion, that the case presented upon this trial does not substantially differ from that presented to the appellate division upon the former appeal, and that under the decision upon that appeal the plaintiff had failed to prove facts entitling him to the commissions, and the court below was right in dismissing the complaint.

It follows that the judgment appealed from was right, and should be affirmed, with costs. All concur.

VAN BRUNT, P. J. I concur upon the ground that the case now does not substantially differ from what it was when presented to the Second department.