**2. SAME—LAWS GOVERNING.**
> Where a resident of New York City, while sojourning in France, accepted a draft directed to him at his address in New York City, to be there paid, his liability on such acceptance was to be governed by the laws of New York.

Action on a draft by James E. Heller and others against Edward Goslin. Judgment for plaintiffs.

F. Jellenik, for plaintiffs.
J. G. Lazarus, for defendant.

McADAM, J. The draft was drawn by one M. Hartog, at Paris, France, directed to the defendant "at No. 677 West End avenue, New York." The defendant, an American citizen, accepted the draft while sojourning in France, but did not, in the acceptance, designate any particular place for the payment of the obligation. The domicile of the defendant was in New York. Under such circumstances, the draft was payable in New York at the place to which it was directed. The rule, briefly stated, is that where a bill of exchange is addressed to a drawee at a particular place, and the same is accepted generally by him, the address indicates the place where it is to be presented for payment, and a presentment there is sufficient. See 4 Am. & Eng. Enc. Law (2d Ed.) 378; Cox v. Nat. Bank, 100 U. S. 704, 25 L. Ed. 739. "Where a bill of exchange is specially addressed to the drawee, such address is presumed to be the place intended for its payment." 1 Rand. Com. Paper, § 26. The place for performance being in New York, the liability of the defendant as acceptor may be determined in accordance with the laws of that state. "It is the law of the place where a bill of exchange is payable that we are to ascertain when it falls due, the days of grace belonging to it, the character of these delays, whether for the benefit of the holder or of the debtor; in one word, everything which relates to the right of requiring payment of the debt, or the performance of any other engagement, when the parties have not made any stipulation to the contrary. And it is of little consequence whether the person who demands payment is the creditor who made the contract, or an assignee of his right, such as the holder of a bill of exchange by indorsement." Story, Confl. Laws, § 347. See, also, Lee v. Selleck, 33 N. Y. 615.

Such being the law, the plaintiffs are entitled to judgment.

---

### ROHNER v. LENISCH.

(Supreme Court, Appellate Term. June 13, 1900.)

**REVERSAL—SECOND APPEAL.**
> Where a trial court disregards the observations of the appellate court on the law of the case in reversing a judgment in favor of plaintiff and granting a new trial, and renders the same judgment, from which a second appeal is taken, the judgment will be reversed.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Charles Rohner against Philip Lenisch to recover a broker's commission. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-
MAN, JJ.

P. & D. Mitchell, for appellant.
Schmuck & Gulick, for respondent.

PER CURIAM. We have examined the record in this case, and
are of the opinion that the evidence before us, taken on the new
trial, does not differ materially from that which was before this
court on the previous appeal, in which the law was clearly laid down
which should govern the disposition of the action. Rohner v. Len-
isch, 29 Misc. Rep. 315, 60 N. Y. Supp. 543. It was the law of the
case, and should have been followed by the court below. It seems,
however, to have been disregarded. The judgment must accordingly
be reversed. See, also, Curtiss v. Mott, 90 Hun, 439, 35 N. Y. Supp.
983. As the plaintiff on the new trial which was ordered on the for-
mer appeal has had a full opportunity to strengthen his case by ad-
ditional evidence, and has failed to do so, we are satisfied that it
would be futile to order a new trial, and that the complaint should
therefore be dismissed.

Judgment reversed, with costs, and complaint dismissed, with
costs.