WEIBLER v. COOK et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. REAL ESTATE BROKER—COMMISSIONS.

The owners of certain lots gave a real estate broker a paper agreeing "in case of a sale at figures satisfactory to us, to a person capable of carrying out his contract," to pay a commission. The broker procured a person who offered a satisfactory price. A contract of sale was prepared, and signed by the owners. It developed that there was a covenant affecting the right to build on the lots, and the purchaser refused to take them subject to this restriction, but afterwards offered a reduction of 10 per cent. on the price, which the owners refused. *Held*, that the broker was not entitled to his commission, as he had never found a purchaser "at figures satisfactory to" the owners.

Appeal from trial term, New York county.

Action by Joseph Weibler against Ida C. Cook and another. From a judgment for plaintiff, and an order denying a motion for new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles D. Ridgway, for appellant.

Simon Sultan, for respondent.

INGRAHAM, J. This action was brought to recover commissions from the defendants. The plaintiff was a real estate broker, and the defendants were the owners of certain lots on the corner of 117th street and Morningside terrace, in the city of New York. The plaintiff negotiated for the sale of the lots, and finally procured a Mr. Ryan, who offered to purchase them. In answer to a request from the defendants, he called upon Mr. Ridgway, their attorney, who gave to the plaintiff the following:

"New York, Dec. 12th, 1901.

"This is to certify that Joseph Weibler is our agent to procure a purchaser for the lots in the northwest corner of 117th street and Morningside terrace, and in case of a sale at figures satisfactory to us, to a person capable of carrying out his contract, we agree to pay him a commission of one per cent.

"Ida C. Cook,
"Grace M. Olmstead,
"By C. D. Ridgway, Atty."

The next day he took Ryan to Mr. Ridgway's office, and there met the defendants. Ryan then offered $72,500 for the lots, which was the price that the defendants were willing to accept. After some discussion about the terms of the contract, Ryan asked the plaintiff whether there were any restrictions on the lots. There was then some discussion about whether or not there were restrictions, but a contract was prepared, signed by the defendants, and retained by Mr. Ridgway; and an unsigned copy was given to Ryan, to procure the signature of the person for whom he was acting. The plaintiff then asked for his commissions, when one of the defendants said that they would send him a check. He subsequently asked Mr. Ridgway for the commissions, when he was told that the transaction had not gone through. It also appeared that there was a covenant affect-

ing these lots, which prevented the front 10 feet from being built upon; and the purchaser refused to purchase subject to this restriction, but subsequently offered to take the lots at a reduction of 10 per cent., which the defendants refused. When the plaintiff told Mr. Ridgway that he could get an offer of $72,500, Mr. Ridgway said he thought that the defendants would accept it; and on the 13th day of December, when the contract was prepared, the defendants expressed themselves as willing to accept an offer of $72,500 for the property. They never, however, authorized the plaintiff to procure a purchaser at that price; nor was there ever an acceptance of this sum of $72,500 for the property that the defendants could sell, which was the property subject to this restriction. The sale was never consummated, because the prospective purchaser refused to give the sum of $72,500, which was the price that would have been satisfactory to the defendants for the property which they had to sell. There was no statement to the plaintiff that the property was free from incumbrances or restrictions; and the agreement of the defendants was that they would pay to the plaintiff a commission of 1 per cent. in case of a sale at figures satisfactory to the defendants, to a person capable of carrying out his contract. The testimony was uncontradicted that no purchaser was procured by the plaintiff upon terms satisfactory to the defendants, and no contract was executed, and no sale actually made.

At the end of the plaintiff's case, the defendants moved to dismiss the complaint, which was denied. There was evidence on behalf of the defendants that the only offer to sell the property made by them was for $72,500, subject to any restriction that there was upon the property, and that the purchaser procured by plaintiff refused to pay the same. At the end of the case, the defendants' counsel again moved to dismiss the complaint and direct a verdict for the defendants, which was denied; and the plaintiff's counsel then moved for a direction of a verdict in favor of the plaintiff, which was granted, and a verdict directed for the plaintiff for the full amount claimed, to which the defendants excepted. I think this was clearly error, as the plaintiff never found a purchaser "at figures satisfactory to" the defendants, viz., $72,500, subject to the restrictions.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.