## HAUSMAN v. HERDTFELDER.

(Supreme Court, Appellate Division, First Department. March 13, 1903.)

1. REAL ESTATE BROKER—RIGHT TO COMMISSIONS.
    Defendant employed plaintiff to sell a piece of property for her, representing to him that it was 76 feet in depth. Plaintiff procured a purchaser, to whom defendant made the same representation, and, on his discovering that the lot was in reality but 66 feet deep, he refused to complete the purchase. *Held*, that plaintiff was not entitled to commissions.

Appeal from Trial Term, New York County.

Action by Max Hausman against Elizabeth Herdtfelder. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

I. Newton Williams, for appellant.
Benjamin F. Feiner, for respondent.

LAUGHLIN, J. The plaintiff has recovered a verdict for $620 commissions on the theory that he obtained a purchaser for the premises owned by the defendant, known as "Nos. 168 and 170 Orchard Street," situate on the southeast corner of Orchard and Stanton streets, the dimensions being 50 feet front by 66 feet in depth. The premises were occupied by two old houses of little value. The plaintiff was quite familiar with the neighborhood and property. The defendant was 73 years of age, and resided at 417 East 116th street. The plaintiff testified that he was informed by a friend that she desired to sell, and he called at her residence, and she employed him;

that he asked the dimensions of the property, and she gave them as 50 feet front by 76 feet in depth; that he procured one Cohn, another real estate broker, as a purchaser upon her terms. Cohn also testified that at an interview at which he was present she represented the property to be of these dimensions. Cohn, after delivering a check for $250 on account of the purchase, refused to sign a contract because the depth was only 66 instead of 76 feet, as had been represented to him, and his check was returned. The defendant denied making any representation to the plaintiff concerning the dimensions of the premises, and testified that she referred him to her attorneys.

Upon these facts we think the plaintiff was not entitled to any commissions. He was employed, not to sell part of the premises, but to sell the whole, and he did not procure a purchaser ready and willing to enter into a legal contract for the purchase thereof upon the terms offered by the owner. Assuming, as the jury have found, that she did inform him that the lot was 76 feet in depth, that was at most a mere representation, and not a warranty, and it does not authorize a recovery of commissions upon the theory of the cases which hold that, where the contract fails on account of the owner's inability to perform, the broker is entitled to recover. Curtiss v. Mott, 90 Hun, 439, 35 N. Y. Supp. 983; H. Diamond & Co. v. Hartley, 47 App. Div. 1, 61 N. Y. Supp. 1022; Id., 38 App. Div. 87, 55 N. Y. Supp. 994; French v. Brush Swan Co. (Sup.) 15 N. Y. Supp. 161.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.