# New York Supplement

## VOLUME 111,

### AND

# New York State Reporter,

## VOLUME 145.

---

### KEOUGH v. MEYER et al.

(Supreme Court, Appellate Division, Second Department.  June 12, 1908.)

BROKERS—COMMISSIONS—WHEN EARNED.

    A broker familiar with a lot was employed to procure a purchaser.  The owner stated to the broker that the lot had a frontage of 168 feet on the street.  A purchaser procured by the broker refused to complete the purchase because the frontage was only 165 feet.  *Held*, that the broker was not entitled to commissions, since he was employed to procure a purchaser for the lot as it was, and the fact that the owner told the proposed purchaser during the negotiations that the frontage was 168 feet did not affect the contract of brokerage.

Appeal from Westchester County Court.

Action by Richard Keough against Ahrend F. Meyer and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal.  Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Frederick B. Van Kleeck, Jr., for appellants.

Thomas F. Curran, for respondent.

GAYNOR, J.  The motion to direct a verdict for the defendant at the close should have been granted.  The plaintiff sues for his commissions in getting a purchaser for the defendants' land.  It was a vacant corner in a village.  The plaintiff was familiar with it, passing it and seeing it frequently.  After viewing it with a proposed purchaser he

visited the defendants and asked them to permit him to get a purchaser for it, to which they assented, giving $25,000 as the price. He claims that they told him the frontage was 168 feet on Central avenue and 110 feet on the other street. He afterwards brought the proposed purchaser to them, and after some negotiation the defendants signed a paper acknowledging the receipt of $100 from the proposed purchaser on account, and agreeing to sell him the plot for $25,000. Its dimensions were not given. The proposed purchaser did not sign any contract. The next day the parties met to make a formal contract, but the purchaser would not sign it because the frontage on Central avenue was only 165 feet, and the sale fell through.

It is plain that no purchaser was procured by the plaintiff ready to make a contract of purchase. If it be true that the defendants told him the frontage on Central avenue was 168 feet, that did not enter into the contract of employment. It was to get a purchaser for the plot just as it was. And if the defendants afterwards told the proposed purchaser during the negotiation that the frontage was 168 feet, that did not change the contract of brokerage. Diamond v. Hartley, 38 App. Div. 87, 55 N. Y. Supp. 994; Id., 47 App. Div. 1, 61 N. Y. Supp. 1022; Hausman v. Herdtfelder, 81 App. Div. 46, 80 N. Y. Supp. 1039.

The judgment should be reversed.

Judgment and order of the County Court of Westchester county reversed, and new trial ordered; costs to abide the event. All concur.