---

(129 App. Div. 441.)

### SOTSKY v. GINSBERG et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

BROKERS (§ 63*)—RIGHT TO COMMISSIONS.

    Where brokers procured a purchaser for premises listed with them for sale, who was ready, willing, and able to take the premises at the terms named by the owners, and the purchaser and owners came to an agreement, the brokers were entitled to a commission, though the premises were not sold because the owners, before a contract was signed, raised the price, which the purchaser would not pay.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 81; Dec. Dig. § 63.*]

Appeal from Trial Term, Kings County.

Action by Abraham Sotsky against Simon Ginsberg and another. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Alfred D. Ling, for appellants.

Jacob Manheim and Harry A. Gordon, for respondent.

WOODWARD, J. There is evidence in this case which supports the finding of the jury that the plaintiff's assignors entered into a contract with defendants for the sale of certain premises at Avenue C and Fifth street, in the borough of Manhattan, on which they were to have the usual commission of 1 per cent.; that the defendants offered to take $160,000 for the premises, with certain conditions as to payments, and that the brokers produced a customer who was ready, willing, and able to take the premises at the terms named by the defendants; that the parties actually came to an agreement, and went to the office of the defendants' attorneys for the purpose of entering into a contract; that owing to the lateness of the hour the drawing of the contract was postponed to the following morning; that on the following morning the brokers appeared with their customer, but the defendants failed to meet them; that subsequently the defendants demanded an increased price for the property, making the amount $162,-500, and that the brokers' proposed purchaser agreed to take the property at the advanced figure, and again repaired to the office of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendants' attorneys for the purpose of drawing the contract; that while there it developed that the defendants had only 72 feet frontage of Avenue C, whereas they had represented, both to the brokers and to the proposed purchaser, that the frontage was something over 75 feet, and thereupon the proposed purchaser demanded an allowance for this shortage in the amount of land, and at the same time offered to take the premises just as they were at the original price, which the brokers were authorized to accept for the same. The defendants would not accept this, and the transaction fell through.

The defendants now contend that this case is brought within the rule laid down in Hausman v. Herdtfelder, 81 App. Div. 46, 80 N. Y. Supp. 1039, and that the plaintiff is not entitled to recover. Without considering how far that case might be regarded as controlling under its own particular facts, it is sufficient to point out that in that case the parties never came to an agreement, while in the case at bar they did. The plaintiff's proposed purchaser not only agreed to take the premises at the price and terms suggested by the defendants at the original meeting, but after the defendants had repudiated their contract and demanded an increase he was still ready, willing, and able to take the premises, with the shortage of three feet frontage, at the original terms. Under such circumstances it is not to be questioned that the brokers had earned their commissions. This was done at the original meeting of the parties, and, while it is true that the plaintiff claimed commissions on the $162,500, the verdict of the jury appears to have been only for commissions on $160,000, with interest from the date of the transaction, and this judgment should not be disturbed.

The judgment and order appealed from should be affirmed, with costs. All concur.