SOKOLSKI et al. v. BLEISTIFT.

(Supreme Court, Appellate Term. April 13, 1911.)

BROKERS (§ 62*)—RIGHT TO SUBMISSION—DEAL GOING THROUGH.

Though the agreement of the owner of property with a broker, authorized to secure a purchaser, provides that he shall not be entitled to a commission "if the deal did not go through," yet he, having secured one ready and willing, who, on terms agreed to by the owner, entered into a contract for purchase, describing the property in the vendor's own language, was entitled to a commission; failure of the purchaser to take a conveyance being due solely to the owner's misrepresentations in the contract as to the dimensions of the property.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 62.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Abraham Sokolski and another against Abram I. Bleistift. From a judgment for defendant on a verdict, and from an order denying a motion for a new trial, plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Charles L. Hoffman (Henry A. Friedman, of counsel), for appellants.

Abraham H. Sarasohn, for respondent.

PER CURIAM. The plaintiffs brought this action to recover the sum of $400 as brokers' commissions. It is undisputed that the plaintiffs were employed by the defendant, at first, to procure a tenant for certain premises owned by him, and that he agreed that if the premises were leased he would pay the plaintiffs $200 commission therefor. The plaintiffs procured a proposed tenant; but, when the parties met, they failed to agree upon the terms of the lease, and none was made. The plaintiffs claim that the failure to make the lease was by reason of the defendant having imposed other conditions than those given them, and through no fault of theirs. Subsequently the defendant authorized the plaintiffs to procure a purchaser for the premises, and it is the claim of the plaintiffs that the defendant agreed, if they found a purchaser, to pay them the $200 claimed to have been earned by them as commissions for procuring a tenant, and also the sum of $200 for securing a purchaser. The plaintiffs obtained a purchaser, and he and the defendant entered into a written contract of sale. The contract described the lot as follows:

"The lot is 25 feet front by 100 feet on both sides. In the rear of the said premises there is missing about three (3) feet on one side."

When the title was examined, it was ascertained that the dimensions were not as the contract provided for. The proposed purchaser refused to take title for that reason, and brought an action against the defendant to recover the sum of $500 deposited when the contract was executed, and recovered a judgment therefor. The issue tendered by the defendant upon the trial was a denial that he had promised the plaintiff to pay their claim for $200 commission for procuring a tenant, and an affirmative claim that the plaintiffs were not to become entitled to commission on the sale "if the deal did not go through." If the question as to whether or not the defendant recognized the plaintiffs' right to commissions for procuring a tenant, and therefore promised them $200 therefor in case they made a sale of the property, was the only issue, it might be said that, the jury having found in favor of the defendant on conflicting evidence, their verdict on that question would not be disturbed.

We think, however, that the position taken by the defendant, that the plaintiffs were not entitled to commissions upon the sale of the property for the reason, as stated by respondent in his brief, that "the deal did not go through," is untenable. The plaintiffs procured a pur-

chaser, who had, upon terms agreed to by the defendant, entered into a valid enforceable contract. The deal went through when the broker produced a purchaser, not only ready and willing, but who signed a contract for the purchase of this property, which described it in the vendor's own language. It was by reason of the vendor's misrepresentation in the contract that the conveyance did not take place, and that is solely the defendant's fault. Under the familiar principle, we cannot allow this act on the part of the defendant, which made performance impossible, defeat his liability. Genet v. D. & H. Co., 136 N. Y. 593, 32 N. E. 1078, 19 L. R. A. 127; Risley v. Smith, 64 N. Y. 576.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.