GORDON v. ROSENTHAL.

(Supreme Court, Appellate Term. June 29, 1911.)

1. BROKERS (§ 63*)—RIGHT TO COMMISSIONS.

A broker employed to sell property, which the owner described to him as of a certain width and represented to him as being one continuous plot, having produced a purchaser ready and willing to purchase, is entitled to commissions; the sale having failed because of the owner insisting on making three separate contracts, one for each of the three houses involved, a strip 1½ inches wide between two of the houses not being owned by him.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96; Dec. Dig. § 63.*]

2. BROKERS (§ 86*)—ACTION FOR COMMISSIONS—EVIDENCE.

From the testimony of plaintiff, in an action by a broker against M. and B., husband and wife, for commissions for producing a customer: "I had a conversation with M. and B. as to who owned the property. He told me the two were the owners, but she is the owner of record. She was there. She said there is no difference, me or my husband. He does the work for me"—it cannot be said plaintiff offered no evidence either of ownership by M. or of authorization by him on his own account to sell the property.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from City Court of New York, Trial Term.

Action by Abraham Gordon against Michael Rosenthal and Bessie Rosenthal. From a judgment dismissing the complaint as against defendant Michael Rosenthal, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for appellant.

Morris A. Rabinovitch, for respondent.

BIJUR, J. Plaintiff sued for his commission in obtaining a purchaser ready and willing to purchase property alleged to be owned by both defendants, and for the sale of which both defendants had given plaintiff authority, which property was described to the broker as being 53 feet 6 inches in width and represented to him as one continuous plot.

[1] The sale failed to go through when defendants insisted on making three separate contracts for each of the three houses involved; it appearing that there was a strip 1½ inches in width between two of the houses, which strip was not owned by defendants. Under the circumstances, the case of Hausman v. Herdtfelder, 81 App. Div. 46,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

80 N. Y. Supp. 1039, as pointed out in Hess v. Investors' & Traders' Realty Co., 67 Misc. Rep. 390, 123 N. Y. Supp. 243, has no application. The learned trial judge also took this view of the right of the broker to recover his commission, because he declined to dismiss the complaint as against the other defendant.

[2] The serious point at issue is raised by the exception to the dismissal of the complaint as against the defendant Michael Rosenthal on the ground that "it appears from the plaintiff's own witness that Mrs. Rosenthal was the owner of the property, and that the doctor was acting as her agent in this transaction." Plaintiff, however, testified as follows:

"I had a conversation with Michael Rosenthal and Bessie Rosenthal as to who owned the property. He told me the two were the owners, but she is the owner of record. She was there. She said there is no difference, me or my husband. He does the work for me."

Upon this statement, it cannot be said that plaintiff offered no evidence either of ownership by the defendant respondent or of authorization by him on his own account to sell the property. There was clearly sufficient evidence on this issue to go to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.