SOKOLSKI et al. v. BLEISTIFT.

(Supreme Court, Appellate Term. November 10, 1911.)

BROKERS (§ 62*)—COMPENSATION—ACTIONS—DEFENSES—NECESSITY OF PLEADING.

Brokers who procured a purchaser, who signed a contract, but refused to execute it, because of a shortage of three feet in the dimensions specified in the contract of sale, which corresponded with the contract of employment of the brokers, are entitled to their commissions, notwithstanding a claim of defendant that the brokers knew the actual dimensions when employed, where such defense was not pleaded.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 62.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Abraham Sokolski and another against Abram I. Blei-stift. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Abraham H. Sarasohn, for appellant.
Charles L. Hoffman, for respondents.

SEABURY, J. This case is now before us for a second time. As a result of the first trial, the defendant recovered judgment. That judgment was reversed in this court, and a new trial ordered. 129 N. Y. Supp. 26. The last trial resulted in a judgment for the plaintiff. From that judgment the defendant now appeals, and by his bill of exceptions seeks a reversal of the judgment.

The action is to recover brokerage commissions. The contract under which the plaintiff claims is in writing and under seal. The dimensions of the property are specified in the contract, and the proposed purchaser, whom the plaintiff secured and who signed a contract of sale with the defendant, refused to take the title because there was a shortage of three feet less than the dimensions specified in the contract. When this case was last before us, we pointed out the reasons why the defendant's representations as to the dimensions of the property should not be permitted to defeat the plaintiff's right to recover. Upon the present appeal the counsel for the appellant quotes from the previous opinion of this court and says:

"It will be noted that this opinion of this court upon the prior appeal does not touch the distinguishing and controlling feature of this case, the proof by the defendant that the plaintiffs were informed and knew of the actual dimensions of the defendant's premises at the time of their employment, and that the plaintiffs, who were present when the contract was executed, knew that the contract of sale did not recite the real and actual dimensions of the property."

Except for the separate defenses pleaded in the answer, which were not sustained, the pleadings put in issue only the question as to whether the plaintiff was the cause of procuring the proposed purchaser to sign the contract of sale and the agreed and reasonable value of the plaintiff's services. That plaintiff was the procuring cause and that his services were of the value alleged were proved by the evidence, and have been found to be as claimed by the plaintiff by the verdict of the jury. Accepting the finding of the jury upon these questions of fact, and considering these established facts in connection with the facts conceded by the pleadings, the plaintiff was entitled to recover.

The broker earned his commission when the owner and the proposed purchaser signed the contract of sale. So far as the broker was concerned, when that event happened "the deal had gone through." The complaint alleged, and the jury have found, that the proposed purchaser had signed the contract as the result of the plaintiff's efforts. Under these circumstances, unless the defendant established the separate defenses alleged in the answer, the broker was entitled to recover. The defendant failed to establish his separate defenses, and upon the facts conceded and found by the jury the plaintiff is en-

titled to judgment. As the pleadings stood, therefore, it was not competent for the defendant to defeat the broker's right of action by attempting to show that the broker knew that the property contracted to be sold was not of the dimensions specified in the contract. In view of the admissions of the allegations of the complaint, no such issue was presented for determination. It is not, therefore, clear to us how it can now be urged that this issue presents "the distinguishing and controlling feature of this case."

The cases of Hausman v. Herdtfelder, 81 App. Div. 46, 80 N. Y. Supp. 1039, and Keough v. Meyer, 127 App. Div. 273, 111 N. Y. Supp. 1, are not in point. In those cases no contract of sale had been signed, and the pleadings did not establish the plaintiff's right to recover.

Judgment affirmed, with costs. All concur.