(78 Misc. Rep. 50.)

## LEVY et al. v. SONNEBORN et al.

(Supreme Court, Appellate Term, Second Department. October 18, 1912.)

1. BROKERS (§ 86*)—ACTION FOR COMMISSIONS—SUFFICIENCY OF EVIDENCE.

Evidence *held* to show that no commission was agreed to be paid to plaintiffs, brokers, for selling realty, unless title passed.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

2. BROKERS (§ 64*)—TERMS OF CONTRACT—VARIANCE.

Where the executor of an estate authorized plaintiff to sell certain property of the estate, by stating, "See what you can do with that; it is 20x100—a single flat, and the price is $17,000," the fact that the contract offered to the proposed purchaser procured by plaintiff described the property as 20x100, "more or less," was not such a departure from the terms given to the broker as to justify a recovery of commissions by him upon the purchaser's refusal to buy under the contract offered.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 67, 97; Dec. Dig. § 64.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Julius Levy and another, copartners, composing the firm of Levy & Co., against Leo Sonneborn and another. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial granted.

Argued October term, 1912, before CRANE, PUTNAM, and ASPINALL, JJ.

Charles L. Greenhall, of New York City, for appellants.
Charles Grossman, of New York City, for respondents.

CRANE, J. This is an appeal from a judgment for $187 and costs recovered as commissions for the sale of property, 74 East 116th street, in the borough of Manhattan. The defendant is an executor of the estate of Simon Herman, and the plaintiff claims to have been employed by him to procure a purchaser for the property. Upon two grounds this judgment must be reversed: First, because the findings of the trial court are against the weight of evidence; second, assuming the plaintiff's testimony to have been correct, he did not procure a purchaser to buy at the terms and conditions of the seller. There was no meeting of the minds.

[1] As to the first ground, the plaintiff's assignor and the broker in the transaction testifies that Herman, the defendant, employed him in these words, referring to 74 East 116th street:

"See what you can do with that. It is 20x100—a single flat, and the price is $17,000."

When asked, on cross-examination, if he had not been told that no commissions were to be paid until and unless the title was passed, he replied that he could not remember—he did not know. This broker, Pierre M. Clear, was the only witness for the plaintiff as to the employment. For the defense, Lawyer Greenhall and the executors, Herman and Sonneborn, testified that the broker was told that the

property was being sold to close out the estate, and that no commission would be paid unless title passed. Upon this evidence judgment should have been given to the defendant.

[2] But, assuming that the broker was to be paid if he procured a purchaser to meet the terms and conditions of the seller, he failed in his employment. The terms given him were very general, and could not have been understood by him to have been complete. "$17,-000 cash, 20x100," is all that was said about the property. It is almost as indefinite as describing property by street number. Certain reasonable particulars were left to the making of the contract. Thus, when the seller and proposed purchaser met, the contract contained the description as "20x100, more or less," and excepted party wall agreements and any defect a survey might show. The executors were justified in thus protecting themselves, and were not expected to detail all these matters to the broker, unless asked. The purchaser was not obliged to sign any such contract; but, if he did not, the broker had not procured a purchaser willing to buy at the seller's terms and conditions. The party wall agreement and survey were subsequently waived by the executors, leaving only the objectionable description, "20x100, more or less." This was not such a modification of or departure from the terms given to the broker as to justify a recovery by him upon his purchaser's refusal to take. Ranger v. Lee, 66 Misc. Rep. 144, 121 N. Y. Supp. 328; Keough v. Meyer, 127 App. Div. 273, 111 N. Y. Supp. 1; Diamond Co. v. Hartley, 38 App. Div. 87, 55 N. Y. Supp. 994; Arnold v. Schmeidler, 144 App. Div. 420, 129 N. Y. Supp. 408.

Judgment is reversed, and new trial granted, with costs to abide the event.

PUTNAM and ASPINALL, JJ., concur.