(83 Misc. Rep. 439)

### WIGGINS v. ESTATE OF CHARLES E. CODDINGTON.

(Supreme Court, Appellate Term, First Department.   December 30, 1913.)

1. BROKERS (§ 61*)—CONTRACT—MISREPRESENTATION BY OWNER.
    It is a broker's duty to inquire as to terms of sale and as to matters affecting the general character of the property, and the owner is not bound to inform the broker of encroachments, unless he is asked about them; and it is not misrepresentation, either willful or inadvertent, for him to remain mute when not asked.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 77, 78, 92, 93 ; Dec. Dig. § 61.*]

2. BROKERS (§ 52*)—COMPENSATION—SUFFICIENCY OF SERVICES.
    Where an owner had a good marketable title to realty and its appurtenances, which he offered to sell without agreement as to terms, except the price, the broker was not entitled to his commission until he produced a purchaser who agreed with the owner, not only upon the price, but upon the essential terms of an agreement to purchase.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73;  Dec. Dig. § 52.*]

Appeal from City Court of New York, Trial Term.

Action by Frank E. Wiggins against the Estate of Charles E. Coddington, a corporation. From a judgment in favor of plaintiff for $841.30, besides costs, entered on a verdict, defendant appeals. Reversed, and complaint dismissed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Jones & Carleton, of New York City (E. Powis Jones, of New York City, of counsel), for appellant.

Robert D. Borroughs (Charles Trosk, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. This action was brought to recover broker's commissions for procuring a purchaser for real property belonging to defendant. The defense was a general denial.

Plaintiff solicited of defendant's counsel an opportunity to sell the property, which defendant agreed to, fixing the price at $75,000. Several offers of purchasers at a less price and on unsatisfactory terms were presented by plaintiff and rejected. During all these negotiations nothing was said about encroachments. Plaintiff asked defendant to reduce the price to $68,000, and asked for a memorandum of sale at that amount to show to a prospective purchaser. Defendant prepared and gave to plaintiff such a memorandum, showing encroachments by a neighboring building to the extent of 5½ inches at one point. Plaintiff's proposed purchaser refused to purchase solely because of the encroachments as shown by the memorandum. Plaintiff claims that he produced a purchaser ready and willing to purchase defendant's property on the terms previously fixed by defendant, which did not refer to encroachments.

[1] The court charged in effect that mere silence as to the encroachments, on the part of the prospective seller, might be a misrepresentation, and charged that the jury "may infer willful misrepresentation by silence." In this the learned trial court erred. The broker is an expert in such matters, and it is his duty to inquire as to terms of sale and as to matters affecting the general character of the property. There is no duty on the part of a real estate owner to inform a broker of encroachments, unless he is asked about them. It is not misrepresentation, either willful or inadvertent, for him to remain mute, when he is not asked, and when he is under no duty to volunteer or speak. Ranger v. Lee, 66 Misc. Rep. 144, 146, 147; 121 N. Y. Supp. 328; Weibler v. Cook, 77 App. Div. 637, 78 N. Y. Supp. 1029; Levy v. Sonneborn, 78 Misc. Rep. 50–52, 138 N. Y. Supp. 285; Keough v. Meyer, 127 App. Div. 273, 274, 111 N. Y. Supp. 1; Hausman v. Herdtfelder, 81 App. Div. 46–48, 80 N. Y. Supp. 1039; Diamond & Co. v. Hartley, 47 App. Div. 1, 3, 4, 61 N. Y. Supp. 1022; Id., 38 App. Div. 87, 92, 55 N. Y. Supp. 994; Curtiss v. Mott, 90 Hun, 439, 35 N. Y. Supp. 983, appeal dismissed 158 N. Y. 663, 52 N. E. 1124.

[2] So far as appears, the defendant had a good, marketable title to the realty and its appurtenances, which he offered to sell. No terms but the price had been determined before the delivery to plaintiff of the memorandum of sale. The plaintiff broker was not entitled, under such circumstances, to his commission until he produced a purchaser who reached an agreement with the owner upon the price and terms upon which a sale could be made, or until the minds of the owner and proposed purchaser met, not only upon the price, but upon the essential terms of an agreement to purchase. Arnold v. Schmeidler, 144 App. Div. 420, 427, 129 N. Y. Supp. 408. The plaintiff failed to produce such a purchaser, and has not made out a cause of action.

The judgment must be reversed, with costs, and the complaint dismissed, with costs. All concur.