## AVOLA v. OPPENHEIMER.

(Supreme Court, Appellate Term, First Department.   May 19, 1915.)

1. BROKERS ⊸64—COMPENSATION—RIGHT TO.

 A broker cannot recover commissions for procuring a purchaser for land subject to a lease, where the purchaser declined to accept the land on that ground, and the broker had made no inquiry as to when possession could be delivered.

 [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 67, 97; Dec. Dig. ⊸64.]

2. BROKERS ⊸63—COMPENSATION—RIGHT TO.

 A prospective purchaser procured by a broker declined to complete the transaction because the property was subject to a lease. The parties then agreed that, if the broker could procure an acknowledgment from the tenant that he would vacate at the end of his term, the purchaser would buy. The broker procured such acknowledgment, and the purchaser was satisfied. *Held* that, though the broker had made no inquiries of the vendor as to when possession could be delivered, the new agreement cured all past irregularities in the contract, and the broker was entitled to his commissions, though the vendor refused to sell.

 [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96; Dec. Dig. ⊸63.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Joseph Avola against Abraham Oppenheimer. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed and remanded.

Argued April term, 1915, before GUY and BIJUR, JJ.

Charles Weishaupt, of New York City, for appellant.
Henry M. Flateau, of New York City, for respondent.

BIJUR, J.   Plaintiff, as a real estate broker, sues for his commission in having procured a purchaser for the property of defendant.   It appeared that defendant had agreed to buy property in the Bronx belonging to one Archer, but had not as yet obtained title or possession in May, 1914.   Being desirous, however, of selling this property, he authorized plaintiff to find a purchaser.   Negotiations were ultimately closed, defendant to give the property he was about to purchase a valuation of $8,500, and to take from the firm of Dollan & Scalere lots in New Jersey at a valuation of $4,000, subject to a mortgage of $2,000, or a net value of $2,000, and a balance in cash of $6,500.   This arrangement was made on May 9th, and Dollan paid defendant $100 as a binder.   Title was to be closed on May 15th, and the contract to be drawn on May 11th at the office of Mr. Smith, Archer's attorney.   On May 11th all the parties met in Mr. Smith's office.   Flateau, Dollan's attorney, examined the contract of sale which had been drawn by Mr. Smith, and found that it provided that the "said premises hereby sold will be conveyed subject to a lease expiring on June 1, 1914."   Flateau's clients, whom I shall call the purchasers, desired to enter into possession without doubt on June 1st, and, though they were willing to adjourn the closing until that date, were not satisfied with the contract, because it showed the incumbrance of this lease; nor were they

satisfied, on examining the lease, that the tenant would surely vacate on the 1st of June, because it contained a provision of extension at the option of the landlord (Archer). Negotiations to adjust this difficulty were undertaken, but defendant undoubtedly refused to sign any other contract than the one prepared, and went away.

[1] At this stage of the proceedings, and in this view of the case, it was vital to determine whether, as claimed by the plaintiff, he had inquired of the defendant as to the condition of the property and had been informed that it was free and clear; it being undoubtedly the duty of the broker in such a case to make such inquiry. See Wiggins v. Estate of Codington, 83 Misc. Rep. 439, 145 N. Y. Supp. 3. The question should have been submitted to the jury whether plaintiff had made that inquiry, and had been informed by the defendant that the property was free and clear, in which case, a purchaser on defendant's terms having undoubtedly been found, the plaintiff was entitled to recover. If, on the other hand, the jury believed that the plaintiff had not made the inquiry, or had been informed by defendant of the existence of the lease, then plaintiff had not, on May 11th, earned his commission.

[2] According to plaintiff's version of what transpired, he ran after the defendant and brought him back into Smith's office. Then Frateau suggested that, if plaintiff would procure some acknowledgment from the tenant that he would vacate the premises on June 1st, that would be satisfactory, and the title could be closed on the 15th; and plaintiff claims that defendant acquiesced in that arrangement. Thereupon plaintiff procured a paper from the tenant satisfactory to the purchasers. Plaintiff further testified that he showed this paper to defendant, and told him that the purchasers were satisfied "to close the title to-day." Whereupon defendant said: "I changed my mind. I don't want to sell it any more." These incidents reveal a second issue of fact, which should have been decided by the jury, namely, whether they occurred, as testified to by the plaintiff, or did not occur, as testified by the defendant. If they did occur, then all previous defects or irregularities, either in the employment of plaintiff or in the title of the property, were waived, respectively, by all the parties, and a new employment of plaintiff established, under which he performed all that was required of him, and, if his story were believed, he was entitled to his commission.

A careful examination of the charge of the learned judge below and of the several requests of counsel makes it plain that the issues involved were not clearly appreciated, and of course, therefore, were not submitted to the jury for determination. On the charge as delivered, and as modified by the various requests, it cannot be said that any recovery was warranted or sustainable. Adequate exception having been taken, at least to presenting the errors in the charge, the interests of justice require a new trial, but, in view of the circumstances, without cost to either party against the other.

Judgment reversed, and a new trial ordered, without costs of this appeal to either party.

GUY, J., concurs.